# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| VIP OF BERLIN, LLC,<br>　　Plaintiff,<br><br>v.<br><br>TOWN OF BERLIN, HERMAN MIDDLEBROOKS, JR., in his official capacity as Town Manager of the Town of Berlin, and DENISE McNAIR, in her official capacity as the Town Manager of the Town of Berlin,<br>　　Defendants. | CIVIL ACTION NO.<br>3:06cv1811 (SRU) |

## **RULING DENYING MOTIONS FOR RECONSIDERATION and TO STAY**

The defendants seek reconsideration of my ruling granting the plaintiff's motion for a preliminary injunction and seek to stay the case pending my decision on that motion for reconsideration and appeal. Because the defendants have failed to meet the standard for reconsideration or to stay pending appeal, both motions are DENIED.

　　A.　　Motion for Reconsideration

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245,

1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

In their motion for reconsideration, the defendants have failed to point to any intervening change of controlling law or any new evidence, and do not contend that reconsideration is necessary to correct a clear error or to prevent manifest injustice. Rather, the defendants argue that reconsideration of my ruling is warranted on the ground that Berlin's sexually oriented business ("SOB") ordinance is not unconstitutionally vague because it provided the plaintiff a "reasonable opportunity" to know whether it qualified as an adult oriented business and that the ordinance provides no discretion to the authorities charged with its enforcement. Those arguments are identical to the defendants' arguments raised in opposition to the underlying motion for preliminary injunction and, therefore, seek merely to relitigate the central issue, which has already been decided.

      B.     <u>Motion to Stay</u>

The defendants have moved under Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a)(1)(C) for an immediate stay pending reconsideration and appeal. Given my decision to deny the motion for reconsideration, the motion to stay is moot with respect to reconsideration. As explained more fully below, the motion to stay pending appeal fails on the merits.

In deciding whether to stay the preliminary injunction order pending appeal, I must consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

> other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). None of those factors favors a stay.

First, the defendants have failed to demonstrate that they have a strong likelihood of succeeding on the merits; to the contrary, I determined that the plaintiff has a strong likelihood of succeeding on the merits of its as-applied vagueness challenge to Berlin's SOB ordinance. Second, the defendants argue that preventing the town from enforcing its democratically-enacted ordinance represents irreparable harm. The preliminary injunction, however, does not prevent the wholesale enforcement of the SOB ordinance against any business located in Berlin. Rather, it applies only to the plaintiff and only with respect to the plaintiff's business plan as proposed in its March 26, 2009 zoning compliance application. Because the preliminary injunction does not render the SOB ordinance totally inoperative, the defendants have failed to demonstrate how the town and its agents will be irreparably harmed pending appeal. Third, there is evidence that the plaintiff's current tenant's lease is due to expire in August 2009 and, therefore, the plaintiff may suffer injury due to the loss of revenue if a stay is imposed pending appeal. Finally, the public interest in promoting the exercise of First Amendment-protected expression outweighs any public interest in preventing the plaintiff from opening its store within 250 feet of a residential zone. As I explained in my ruling on the motion for preliminary injunction, because the ordinance prevents the plaintiff from exercising its First Amendment-protected rights of expression, the plaintiff stands to suffer irreparable harm. The town has failed to present any evidence that any of the offending adult products will be visible to anyone outside the store; to be exposed to those products, the residents must choose to enter the store on their own accord.

Because the plaintiff seeks to operate a general retail establishment and not an adult store, the defendants' concerns related to the "secondary effects" of adult stores are not warranted here. Thus, it is unclear how the public interest lies with staying the preliminary injunction pending appeal. Because the plaintiff stands to suffer real harm to its First Amendment rights from the continued enforcement of the SOB ordinance absent the preliminary injunction, the public interest lies with protecting those First Amendment rights of expression.

C. Conclusion

Accordingly, the motion for reconsideration (**doc. #157**) and the motion to stay the preliminary injunction order pending reconsideration and appeal (**doc. #155**) are **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of July 2009.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge